```
 1                IN THE UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF TEXAS

 3                          HOUSTON DIVISION

 4   USA                              §    CASE NO. 4:22-cr-00560
                                      §    HOUSTON, TX
 5   VERSUS                           §    WEDNESDAY,
                                      §    JANUARY 25, 2023
 6   MARTINEZ, et al.                 §    9:32 AM TO 9:50 AM

 7                        STATUS CONFERENCE

 8       BEFORE THE HONORABLE GEORGE C. HANKS, JR.
                UNITED STATES MAGISTRATE JUDGE
 9
                            APPEARANCES:
10

11      FOR THE PARTIES:              SEE NEXT PAGE

12      COURT REPORTER:               KIMBERLY PICOTA

13      COURT CLERK:                  BYRON THOMAS

14

15

16

17

18

19

20                   TRANSCRIPTION SERVICE BY:

21                   Veritext Legal Solutions
                  330 Old Country Road, Suite 300
22                      Mineola, NY 11501
              Tel: 800-727-6396 ▼ www.veritext.com
23
       Proceedings recorded by electronic sound recording; transcript
24                  produced by transcription service.

25
```

```
                          APPEARANCES:


FOR THE PLAINTIFF:        OFFICE OF THE U.S. ATTORNEY
                          Erin Epley
                          Jackie Lem
                          1000 Louisiana
                          Suite 2300
                          Houston, TX 77002
                          713-567-9585

FOR CARLOS MARTINEZ:      SCHAFFER CARTER KENNEDY MAYS
                          Kent A. Schaffer
                          1001 McKinney St.
                          Suite 1600
                          Houston, TX 77002
                          713-228-8500

FOR PEDRO HERNANDEZ:      LAW OFFICE OF CHARLES BANKER
                          Charles Banker
                          405 Main St.
                          Suite 910
                          Houston, TX 77002
                          713-227-4100

FOR C. YZAGUIRRE:         MORENO GRACIA & BERG
                          Tom Berg
                          4306 Yoakum Blvd.
                          Suite 240
                          Houston, TX 77006
                          713-502-9596

FOR J. RAMIREZ AVILA:     GERGER HENNESSY & MARTIN
                          Ashley Kaper
                          700 Louisiana St
                          Suite 2300
                          Houston, TX 77002
                          713-224-4400

FOR J. TAPIA FERNANDEZ:   LAW OFFICE OF CHRIS SULLY
                          Chris Sully
                          5804 N 23rd St.
                          McAllen, TX 78504
                          956-413-7271
```

```
 1   FOR M. MEDINA:              LAW OFFICE OF DANIEL SANCHEZ
                                 Dan Sanchez
 2                               501 E Tyler
                                 Harlingen, TX 78550
 3                               956-425-5297

 4   FOR S. GUERRA MEDINA:       LAW OFFICE OF EDMUND CYGANIEWCZ
                                 Edmund Cyganiewicz
 5                               1000 E Madison St.
                                 Brownsville, TX 78520
 6                               956-541-5995

 7
     FOR M. MIRANDA:             LAW OFFICE OF CHARLES BANKER
 8                               Charles Banker
                                 405 Main St.
 9                               Suite 910
                                 Houston, TX 77002
10                               713-227-4100

11
                    (APPEARING TELEPHONICALLY)
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1           HOUSTON, TEXAS; WEDNESDAY, JANUARY 25, 2023; 9:32 AM
 2              THE COURT:  Good morning everyone.  The next case on
 3   the Court's docket is Cause Number 422-cr-560, the United
 4   States of American versus Mr. Martinez, et al.  I know I have a
 5   number of counsel on the line, so, I'd like to first start with
 6   Ms. Lem, if you could introduce yourself, and state the parties
 7   you represent.  And we'll go around, starting with the
 8   Defendants, in order of the listing on the docket sheet.  Ms.
 9   Lem, if you could begin?
10              MS. LEM:  Good morning, Your Honor, Jackie Lem for
11   the United States.  I am here today with Erin Epley and Mike
12   Lepage.
13              THE COURT:  Okay, great.
14              MR. SCHAFFER:  Good morning, Your Honor.  Kent
15   Schaffer, Alejandro Ballesteros, CJ Quintanilla, James Kennedy,
16   here for Mr. Martinez.
17              THE COURT:  Great.  Welcome, Mr. Schaffer.
18              MR. SCHAFFER:  Thank you.
19              THE COURT:  Next on the list.  Counsel?  I thought by
20   doing it in order on the indictment, it might make it easier
21   instead of everyone talking on top of each other, but maybe
22   not.  So, anyone who's waiting to jump in, whenever you'd like
23   to introduce yourself to the court.
24              MR. BANKER:  Good morning, Your Honor, Charles Banker
25   on behalf of Mireya Miranda.
```

1        THE COURT: Okay, welcome.

2        MR. RINCONES: Good morning, Your Honor. Leonardo
3    Rincones for Mr. Pedro Calvillo.

4        THE COURT: Okay, welcome.

5        MR. BERG: Tom Berg for Carlos Yzagirre.

6        MR. SULLY: Good morning, Your Honor, this is Chris
7    Sully for Jose de Jesus Tapia, he's also (indiscernible) Joe
8    Corley.

9        THE COURT: Welcome, sir.

10       MS. KAPER: Ashley Kaper for Mr. Ramirez Avila.

11       THE COURT: Ms. Kaper.

12       MR. CYGANIWICZ: Ed Cyganiwicz (indiscernible). Good
13    morning, Your Honor.

14       THE COURT: Good morning. And I believe, Mr.
15    Sanchez, have you introduced yourself yet?

16       MR. SANCHEZ: Yeah, (indiscernible) Your Honor.

17       THE COURT: Okay. I believe that's everyone. And I
18    see Ms. Epley (indiscernible).

19       MS. EPLEY: Yes, Your Honor.

20       THE COURT: Great. Welcome back everyone. Thank you
21    so much for being available. I know it's early in the morning,
22    but I needed to go through with you and make sure that
23    everybody has had all the input on the Supplemental Motion for
24    Protective Order. Ms. Lem, it seems to have all the things
25    that we talked about in the last hearing. Are there any other

1   edits that anyone wanted to make to that order, that we just
2   talked about?  Okay.  If there's not, Ms. Lem, I'm going to
3   sign it the way you proposed, that you submitted to the Court.
4   And then that way you start producing the documents.  I know
5   it's not going to be all at once, so if you can start producing
6   them as quickly as possible.  And then, Mr. Sully, you, in
7   theory, want to see those documents as soon as possible for
8   your clients.  So, hopefully, you'll get those documents coming
9   up pretty soon (indiscernible).
10              And then the last thing on my list to talk about this
11  morning, was the trial date.  I know that the parties had
12  talked about trial date.  The Government has suggested the end
13  of August.  The Defendant has wanted just to have an open-ended
14  trial date, and then revisit the issue in 50 days.
15              Respectfully, I think it's important to get a trial
16  date on the books in this matter.  So, I'm going to set it for
17  August 28.  However, we'll set a status conference for the
18  first week of May.  If there's a problem, and it looks like
19  it's taking more time, it's not going to be an issue, with the
20  Court anyway, with respect to extending the trial date out past
21  August 28.  But I think, given the nature of these charges and
22  the needs of these defendants to get to trial as quickly as
23  possible; balancing that with the interest of reviewing all the
24  documents, we just need to go ahead and get a trial date on the
25  schedule.  So, I'm setting up the matter for August 28 at 9:30

1   AM.  And we'll set a hearing.  You'll get notice of it, the
2   first week of May.  And if there's a problem with getting the
3   documents reviewed -- I understand there's no (indiscernible)
4   the documents.  (indiscernible) to figure out, from the
5   Defendants' standpoint, how they relate to your particular
6   client.  So, once, between now and May, you have an opportunity
7   to do that, think about trial strategy.  And then, if we need
8   to put the trial off beyond August 28, we can do that.  But
9   let's go ahead and set it for the 28th now.
10           MR. SCHAFFER:  Your Honor, could I be heard on that?
11  I'm fine with that, but let me tell you, our ability to prepare
12  cases (indiscernible) potential exhibits, is dependent upon the
13  Government's forthright production of the discovery, instead of
14  rolling it out in waves, some of which could occur several
15  months from now.
16           For instance, if we get the discovery within the next
17  two or three weeks, all of the discovery, it enhances our
18  ability to be ready.  Second, if the first wave we get hit with
19  is a million plus pages -- for instance, shipping invoice, bank
20  records -- that doesn't really help prepare the defense.  And
21  it doesn't help us to get a full understanding of the nature
22  and scope of the Government's (indiscernible).  So that, A, we
23  could decide if we're going to trial; B, we could be prepared
24  to go.  So, to minimize the chance that we have to come back to
25  you May going, "Hey, we need another six months," or whatever;

1   perhaps it would be helpful if the Government would be open,
2   providing all of the discovery, especially the (indiscernible).
3            Secondly, as you well know in these cases, there's
4   documents and then there's what's referred to as
5   (indiscernible). What are the Government's exhibits? I could
6   spend the next (indiscernible) on behalf of my client. I mean,
7   we could spend at least three or four months going through
8   totally irrelevant, meaningless documents that the Government
9   isn't going to use anyway.
10           So, we will request, at some point, that the Court
11  instruct the Government to provide either a list or a notebook
12  or a (indiscernible) documents that they intend to use at
13  trial, so that we don't waste -- especially the court-appointed
14  lawyers that you're paying for -- to sit there and waste months
15  and months and months going through stuff that's totally --
16           THE COURT: Well, here's what I can suggest in that
17  regard, and I agree with you Mr. Schaffer, they know what
18  documents, sooner rather than later. What if we said at status
19  conference in this case, for every two weeks; that is every two
20  weeks we'll all get together; it won't take very long. And
21  we'll talk about where we are in the discovery, what we've seen
22  so far, what you expect the Government to produce in the next
23  two weeks. And we'll keep adding those as long as we need to,
24  to make sure that the documents are coming out in an orderly
25  fashion and you're not getting sandbagged, you know, with a

1   million documents in May or July.  Let's just go ahead and have
2   a status conference just every two weeks.  And I'll put those
3   on my schedule now.  We'll set them for 9:30 in the morning,
4   but if you can get other things done, we'll talk about where
5   the documents -- you know, what documents have been produced so
6   far, what documents are expected; if there's any missing
7   documents, like for example, Mr. Schaffer, you think that you
8   need to be seeing, that you're not seeing, that the government
9   refers to, or you believe that are normally used at trial, we
10  can talk about those documents at that time.
11            MR. SCHAFFER:  That's fine with us.
12            THE COURT:  Great.  Well, let's go ahead and do that
13  then.  We'll set -- it's Wednesday, we'll set it actually for
14  two and a half weeks, so the next hearing will be in two and
15  half weeks.  And I'll give you that date in a minute.  And Ms.
16  Lem, of course, both parties prepared.  You come prepared to
17  talk about your production effort, as of that date, you know,
18  what you've produced, what you plan to produce in the next two
19  weeks.  And Mr. Schaffer, you tell me, you know, or other
20  counsel can tell me how (indiscernible).
21            Anything else that I need to talk to you all about?
22  Is there anything else that you want to talk to me about?
23            MR. BERG:  Your Honor, one matter, I was in McAllen
24  yesterday in front of Magistrate Judge (indiscernible),
25  concerning who might be a suitable discovery master in the

1   Valley.  And we've come up with Patricia (indiscernible).
2   She's a trial lawyer, but she's also the City Attorney for
3   (indiscernible) and so she's not as involved in this case.  And
4   she said she would be available to serve in that function.  And
5   so I can prepare you an order to appoint her so to that limited
6   role, and we can go forward.  Or just (indiscernible).
7           THE COURT:  Okay, that would be great, Mr. Berg.  Can
8   you go ahead and the lead in getting that signed?  So, that way
9   a document -- you know, as soon as I get it taken care of, I'll
10  sign the protective order and then we can get things rolling in
11  terms of production so everyone can start looking at documents.
12          MR. BERG:  Okay.  You want Judge Hanks to do the
13  appointments, because it's in his neck of the woods?
14          THE COURT:  That would be great.  If he has time,
15  that would make things a lot easier.
16          MR. BERG:  He said he'd be happy to help.
17          THE COURT:  That will be great.  Thank you.
18          MS. LEM:  Your Honor, this is Jackie Lem.  I just
19  want to jump in and make sure that there are not other
20  defendants who are outside of the Valley.  I think, at the end
21  of the last hearing, I think the Defendant spoke up about San
22  Antonio.  I don't know if there are other defendants who, or
23  other places where discovery counsels might also be needed.
24          THE COURT:  Can I hear from people on that issue?
25  Mr. Sanchez, it looked like your microphone lit up, but were

1  you going to speak?
2         MR. SANCHEZ:  Yes, Judge.  Can you hear me?
3         THE COURT:  Yes, I can.
4         MR. SANCHEZ:  Okay, Judge.  My client is in San
5  Antonio (indiscernible) either they have to come to my office
6  or I have to go to San Antonio.  And so, that can pose a bit of
7  a problem back and forth, unless the Court was concerned about
8  me living near the border, on the border.  And so, we offered
9  that you would (indiscernible) San Antonio.  But that can pose
10 a problem for us.
11        THE COURT:  Okay.  Have you talked to him about the,
12 you know, the dates he has the ability to read the documents in
13 your office?  I mean, if he has an issue with the
14 (indiscernible) about that.
15        MR. SANCHEZ:  I have, and he says that he's willing
16 to do whatever you ask him to do.  But my concern is that he
17 cannot make -- and since he relocated his residence -- I don't
18 think he has a residence in Brownsville anymore.  So, it's
19 going to be a little bit challenging for him to make
20 arrangements, pay for lodging or temporarily get lodging again
21 in south Texas.
22        THE COURT:  Where is he now, Mr. Sanchez?  Where is
23 he living?
24        MR. SANCHEZ:  He's living in San Antonio.
25        THE COURT:  And you're located -- I'm sorry, remind

1 me again?

2 MR. SANCHEZ: I'm in Harlingen, Texas, which is down
3 in the Brownsville Division area.

4 THE COURT: Right. Well, we might have to do the
5 same thing that we're doing with Mr. Berg in the San Antonio
6 area and see if one of my colleagues might be able to help get
7 access, help us get counsel in the Brownsville area.

8 MR. SANCHEZ: I do not have good connections in the
9 Western District (indiscernible). Or we can reach out to one
10 of your colleagues.

11 THE COURT: That's what I'll do. Mr. Sanchez, what
12 I'm going to do is, I'll see what we can do in that regard, so
13 that your client can get access to the documents as easy as
14 possible. But that's going to take me a while. So, in the
15 interim, if you want to look at the documents, you know, you
16 need to maybe arrange it with Ms. Lem, because she's the only
17 one (indiscernible) with respect to, you know, easy access to
18 the documents. I can't (indiscernible) anyone else
19 (indiscernible) right now.

20 MR. SANCHEZ: I understand.

21 THE COURT: So, I'll do my best I can. I'll work on
22 it. So, right now, you can talk to Ms. Lem about maybe making
23 some arrangement, and see where you go from there.

24 MR. SANCHEZ: (indiscernible) thank you, Your Honor.

25 THE COURT: Thank you. Any other concerns anyone

1 | has?
2 | MR. SCHAFFER: (indiscernible) for Mr. Martinez.
3 | THE COURT: Okay. And Mr. Sully?
4 | MR. SULLY: Yes, Your Honor. On behalf of Mr. Tapia,
5 | I agree with everything that Mr. Schaffer said. I just wanted
6 | to add one thing, which is I think it would also be helpful if
7 | we get the 302 (indiscernible) reports, sooner rather than
8 | later, in discovery production, be that would help us now in
9 | (indiscernible) discovery. I (indiscernible) why, for example,
10 | bank records (indiscernible). It would be a lot more efficient
11 | to get all the bank records first and we don't know what
12 | relevance they have to the case. So, hopefully, we can get
13 | those towards the beginning of the discovery production, not at
14 | the very end.
15 | THE COURT: And so, as I said, in the next two and
16 | half weeks, you can speak with Ms. Lem and talk about
17 | production of the documents -- what's being produced, when it's
18 | produced, you know, timing all that. And then, in two and a
19 | half weeks, when we get back together, we'll figure out where
20 | we are and, you know, you have a document that you need try to
21 | evaluate your client's (indiscernible). I know that one of
22 | your concerns that you mentioned in the very first hearing -- I
23 | want to make sure that we address that.
24 | MR. SULLY: Thank you very much, Your Honor.
25 | THE COURT: Is there anything else we need to talk

1   about this morning.

2             MR. SCHAFFER:  Judge, I don't mean to be repetitious,
3   (indiscernible), but I wanted to join in that request, because
4   I think, from my experience, the best way to evaluate a case is
5   to just (indiscernible) a million documents, which a large
6   percentage they don't need (indiscernible), but just review
7   those, the history of the case and the (indiscernible) of the
8   case, to be able to use the law enforcement reports.  But also
9   (indiscernible) provided initially (indiscernible) so we could,
10  you know, get it to you for evaluation, and a more rapid
11  evaluation (indiscernible) the case or deciding what we need to
12  do, Your Honor.

13            THE COURT:  Well, again, I agree.  Everyone's
14  concerns are duly noted and I think, you know, you guys have
15  worked -- well, so far you've worked well together.  Speak with
16  Ms. Lem and talk about the order of production.  I think it's
17  pretty clear that that is a concern, a priority, that the
18  parties (indiscernible).  So, Ms. Lem, is sort of the keeper of
19  the documents, you guys to get together and talk about the
20  order of production and then we'll take it up if we have to.

21            MR. SCHAFFER:  Thank you, Your Honor.

22            THE COURT:  Anything else?  Well, thank you all for
23  being available this morning.  We'll check back again in two
24  and a half weeks and in the interim, Mr. Sanchez, I'll work on
25  thinking of something to make it easier for your client to

```
 1   review the documents.  Then, in the interim, continue to work
 2   with Ms. Lem to see if you can work something out as well.  And
 3   I really just want hard work and thinking outside the box to
 4   make sure that we were able to solve this issue.  Thank you,
 5   Mr. Berg, thank you, sir, for that suggestion, that's really
 6   gotten us moving on this path.
 7            Well, the hearing is adjourned everyone.  Please
 8   (indiscernible) and I'll talk to you again in two and a half
 9   weeks.
10        (Hearing adjourned at 9:50 AM)
11                            * * * * *
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T I O N
 2
 3       I, Sonya Ledanski Hyde, certified that the foregoing
 4   transcript is a true and accurate record of the proceedings.
 5
 6   [signature: Sonya M. Ledanski Hyde]
 7
 8   Sonya Ledanski Hyde
 9
10
11
12
13
14
15
16
17
18
19
20   Veritext Legal Solutions
21   330 Old Country Road
22   Suite 300
23   Mineola, NY 11501
24
25   Date:  April 13, 2023
```